STATE OF NORTH CAROLINA v. LEMUEL MARION SHIRLEY, JR.

No. 7110SC667

(Filed 20 October 1971)

1. **Criminal Law § 91— denial of continuance — defense witness awaiting court-martial**

    The trial court did not abuse its discretion, and defendant was not deprived of his right to a fair trial, when the court denied defendant's motion for a continuance made on the ground that a defense witness was then unavailable for trial because he was in the custody of military authorities in Texas awaiting court-martial for being absent without leave and, possibly, for desertion, where approximately nine months had already passed since the charges against defendant arose, during eight months of which he was represented by his trial counsel, and defendant's mother testified to certain of the same facts concerning which defendant contends his unavailable witness would have testified.

2. **Searches and Seizures § 3— search warrant — incorrect date in affidavit**

    Incorrect date given in an affidavit for a search warrant as to when affiant received information from a reliable informant was clearly a typographical error and was immaterial.

3. **Searches and Seizures § 3— search warrant — description of the premises**

    The search warrant described the premises to be searched with reasonable certainty where the affidavit, which was made a part of the warrant, correctly described the premises as being in Raleigh Township, Wake County, "known as 2515 Clark Ave.," and the description was not rendered uncertain by the fact that the affidavit further incorrectly described the premises as "a brick structure" when in fact it was made of stone. G.S. 15-26(a).

4. **Searches and Seizures § 3— search warrant — affidavit based on information from reliable informant**

    Affidavit of a police officer that a reliable informant had told the officer that defendant had marihuana in his possession and that

State v. Shirley

the informant had seen the marihuana, that the informant had given the officer "other information in the past that proved to be correct and resulted in the arrest of at least two other persons," and that the officer had found from his own investigation that defendant was an associate of persons known by the officer to use drugs and to have had marihuana in their possession, held sufficient to satisfy constitutional requirements for supporting the magistrate's independent determination that the information given the officer by the informant was probably accurate.

5. **Searches and Seizures § 3— search warrant for "narcotic drugs" — affidavit refers only to marihuana**

Although the affidavit for a search warrant referred only to marihuana, the magistrate was justified in finding probable cause to believe that "illegally held narcotic drugs" were possessed by defendant on the described premises and to authorize search and seizure of the same, and seizure of LSD during a search under the warrant was legal.

6. **Searches and Seizures § 3— search warrant for narcotics — description of the contraband**

Warrant authorizing a search for "illegally held narcotic drugs" described the contraband with sufficient particularity to prevent the warrant from being a general search warrant within the prohibition of the Fourth Amendment to the U. S. Constitution and Article I, § 20 of the N. C. Constitution.

7. **Criminal Law § 124— interpretation of verdict**

The verdict should be considered in connection with the issue being tried, the evidence and the charge of the court.

8. **Narcotics § 2— felonious possession of marihuana — indictment and proof**

In order to sustain a conviction of the felony of unlawful possession of marihuana under G.S. 90-111(a), it is not only necessary that the State prove beyond a reasonable doubt, but it is also necessary that the indictment allege, as an essential element of the crime, that the defendant unlawfully possessed more than one gram of marihuana.

9. **Narcotics § 5— amount of marihuana possessed — indictment — verdict**

Where the indictment for unlawful possession of marihuana did not include an allegation that the amount was more than one gram, the verdict of guilty "as charged" will support a judgment imposing punishment only for a misdemeanor under G.S. 14-3(a).

APPEAL by defendant from *Clark, Judge,* 10 May 1971 Session of Superior Court held in WAKE County.

Defendant was charged in two bills of indictment with unlawful possession of narcotic drugs, to wit: (1) Lysergic Acid Diethyalmide (LSD) (Case No. 69CR39480), and (2) mari-

huana (Case No. 69CR37894). The cases were consolidated for trial. In each case defendant pleaded not guilty, the jury found him guilty, and judgment was entered imposing a prison sentence. In the case charging unlawful possession of LSD (Case No. 69CR39480), defendant was sentenced for a term of five years. In the case charging unlawful possession of marihuana (Case No. 69CR37894), defendant was sentenced for a term of not less than four nor more than five years, this sentence to commence at the expiration of the sentence imposed in the other case. Defendant appealed.

*Attorney General Robert Morgan, Associate Attorney General Howard P. Satisky and Associate Attorney General James E. Magner for the State.*

*Vaughan S. Winborne for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to the denial of his motion for a continuance. A motion for continuance is ordinarily addressed to the sound discretion of the trial judge, whose ruling thereon is subject to review only for manifest abuse of discretion. *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617. In this case the motion was made on the day of trial upon the ground that a material witness was then unavailable. It appears that the witness was in custody of military authorities in Texas awaiting trial by court-martial on a charge of being absent without leave and, possibly, on a charge of desertion, and that future availability of the witness would depend upon the punishment he might receive in the court-martial. The charges against defendant arose on 16 August 1969; at least as early as 24 September 1969 he had been represented by his trial counsel; he was indicted in January 1970; and trial did not take place until May 1971. Cause for the long delay in bringing defendant to trial does not appear, but it is clear that further delay would have been waranted only by the most compelling of reasons. Another witness, defendant's mother, was available and did testify to certain of the same facts concerning which defendant contends his unavailable witness would have testified. Under these circumstances the record fails to show any abuse of the trial court's discretion when it denied defendant's motion for a continuance, nor does the record indicate that defendant was

thereby deprived of his fundamental right to a fair trial. We find no merit in this assignment of error.

[2]   At the time of his arrest on 16 August 1969, defendant occupied a bedroom in the home of his mother at 2515 Clark Avenue, Raleigh, N. C. The charges against him resulted from a search of the premises made under a search warrant. By appropriate exceptions and assignments of error defendant challenges the validity of the search warrant and the admissibility of the evidence seized thereunder. The challenged search warrant was issued by a magistrate upon presentation to him of an affidavit of E. D. Whitley, a Raleigh police officer, which stated that the officer had reasonable grounds to suspect that defendant had illegally in his possession "certain narcotic drugs, to wit: marihuana in vegetable form" on the premises "known as 2515 Clark Ave." As grounds for this belief, the officer stated in his affidavit the following:

> "A reliable informer stated to me on 8-17-69 that the above person has in his possession at this time marihuana and that he saw it. He further stated that he was offered it for a price. This person has given me other information in the past that proved to be correct and resulted in the arrest of at least two other persons. I have received other information from other person (sic) that the above person has in his possession marihuana. I have made an investigation into the above person and have found that he is an associate of persons known by me to be in the use of drugs and have had in there (sic) possession marihuana. The information from my informer states that the marihuana is being kept in the house of the above person." (The incorrect date given in the affidavit as "8-17-69" was clearly a typographical error, since the affidavit was sworn to and the search warrant was issued on the night of 16 August 1969. We hold this typographical error immaterial.)

Upon this affidavit the magistrate issued a search warrant containing the following:

> "WHEREAS, from the facts and information set forth in the affidavit on the opposite side, and further from the facts and information made known to me from my examination upon oath of the affiant and of the witnesses listed

below, I conclude as a matter of law and find as a fact that there is reasonable grounds and cause to suspect and believe that illegally held narcotic drugs are possessed by the person and upon the premises as set forth in said affidavit which is made a part of this Search Warrant; and I am satisfied that adequate legal grounds for the issuance of this Search Warrant exist and there is probable cause to believe they exist;

YOU ARE THEREFORE AUTHORIZED AND COMMANDED forthwith to enter upon said premises and make due and diligent search of same, seizing all illegally held narcotic drugs found thereon and safely keep the same subject to the order of the Court.

HEREIN FAIL NOT, and of this warrant make due return.

The witnesses examined by me were:

E. D. Whitley

Issued at 9:15 o'clock, P.M.,

This 16 day of August, 1969.

L. M. BURTON
Magistrate"

[3, 4] We find the warrant valid. It was issued by a magistrate upon finding probable cause for the search as required by G.S. 15-25(a). By reference to the affidavit, which was made a part of the warrant, it described with reasonable certainty the premises to be searched as required by G.S. 15-26(a). (In this connection, the premises were correctly described in the affidavit as being the premises in Raleigh Township, Wake County, "known as 2515 Clark Ave." We hold this to describe the premises with reasonable certainty and that the description is not rendered uncertain by the fact that the affidavit further incorrectly described the premises as "a brick structure" when in fact it was made of stone.) The affidavit attached to the warrant sufficiently indicated the basis for the finding of probable cause as required by G.S. 15-26(b). The information which the affidavit recites was given to the affiant by the unidentified informant was, if true, clearly sufficient to establish probable cause. The magistrate was certainly entitled to rely upon the

sworn statement of the affiant, a police officer who appeared before the magistrate in person, in concluding that the affiant was correctly reciting what had been told him by his informant. The facts sworn to in the affidavit as being within the personal knowledge of the affiant were, in our opinion, at least minimally sufficient to satisfy constitutional requirements for supporting the magistrate's independent determination that the information given the affiant by the informer was probably accurate. *United States v. Harris,* 403 U.S. 573, 29 L. Ed. 2d 723, 91 S.Ct. 2075; *State v. Bullard,* 267 N.C. 599, 148 S.E. 2d 565, *cert. denied,* 386 U.S. 917; *State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820 (opinion filed 20 October 1971); *State v. Moye,* 12 N.C. App. 178, 182 S.E. 2d 814. In this connection, while the mere characterization of the informer as being "reliable" might not, in itself, provide a sufficient *factual* basis for the magistrate to credit the report of the informer, *State v. Myers,* 266 N.C. 581, 146 S.E. 2d 674, the affidavit here went further and stated that the informer had given affiant "other information in the past that proved to be correct and resulted in the arrest of at least two other persons." Further, affiant swore that he had found from his own investigation that defendant was an associate of persons *known by the affiant* "to be in the use of drugs and have had in there *(sic)* possession marihuana." These facts, recited and sworn to in the affidavit as being within the personal knowledge of the affiant, furnished a sufficiently substantial basis to support the magistrate's independent finding crediting the report of the unidentified informer.

[5, 6] Defendant contends that in any event the search warrant was insufficient to justify seizure and introduction in evidence of LSD, since the affidavit upon which it was based referred only to marihuana. The warrant, however, expressly authorized the officers to search the described premises and seize "all illegally held narcotic drugs found thereon," and by statutory definition both LSD and marihuana are narcotic drugs. G.S. 90-87(1) and (9). Even though the affidavit referred only to marihuana, we hold that the magistrate was justified in finding probable cause to believe that "illegally held narcotic drugs" were possessed by defendant on the described premises and to authorize search and seizure of the same. Certainly the words "illegally held narcotic drugs" described the things to be seized with sufficient particularity to prevent the

warrant from being a general search warrant within the prohibition of the Fourth Amendment to the Constitution of the United States and of Article I, § 20 of the Constitution of North Carolina.

The bill of indictment in the case charging unlawful possession of marihuana charged that defendant on 16 August 1969 "did unlawfully, wilfully and feloniously possess and have under his control a narcotic drug, to wit: marijuana against the form of the statute made and provided." The statute, G.S. 90-111(a), as amended by Sec. 10 of Chap. 970 of the 1969 Session Laws which became effective upon ratification on 23 June 1969 and which was in effect on the date of the offense involved in this case, reads in part as follows:

> G.S. 90-111. PENALTIES FOR VIOLATION.—"(a) Any person violating any provision of this article . . . shall upon conviction be punished, for the first offense, by a fine of not more than one thousand dollars ($1,000.00) or be imprisoned in the penitentiary for not more than five years, or both, in the discretion of the court: Provided, that any person unlawfully possessing . . . one gram or less of the drug marijuana defined in G.S. 90-87(1)d, shall, for the first offense, be guilty of a misdemeanor and punished by a fine or imprisonment, or both, in the discretion of the court. . . . "

In the case before us no mention was made in the bill of indictment as to the quantity of marihuana defendant was charged with having possessed. The evidence disclosed that a bag containing 137.9 grams of marihuana was found in defendant's bedroom. The court instructed the jury that defendant was charged with felonious possession of marihuana and that in order to find defendant guilty of that offense the jury must be satisfied beyond a reasonable doubt that defendant "did wilfully, feloniously possess and have under his control narcotic drug, to wit, marijuana in excess of one gram." The jury returned a verdict of guilty "of possession of marijuana as charged."

[7-9] "It is well settled in this jurisdiction that the verdict should be taken in connection with the issue being tried, the evidence, and the charge of the court." *Davis v. State,* 273 N.C. 533, 539, 160 S.E. 2d 697, 702. When the verdict in Case No.

State v. Shirley

69CR37894 is so considered, it seems clear that the jury found defendant guilty of unlawful possession of more than one gram of marihuana. Nevertheless, we are of the opinion, and so hold, that in order to sustain a conviction of the *felony* of unlawful possession of marihuana under G.S. 90-111(a) as that statute was in effect at all times pertinent to the present case, it was not only necessary that the State *prove* beyond a reasonable doubt, but it was also necessary that the indictment *allege,* as an essential element of the crime, that the defendant unlawfully possessed more than one gram of marihuana. The indictment in Case No. 69CR37894 charged defendant with the *misdemeanor* of unlawful possession of marihuana, since it charged unlawful possession of marihuana but did not include an allegation that the amount was more than one gram. Therefore, the verdict of guilty "as charged" will support a judgment imposing punishment for a misdemeanor under G.S. 14-3(a). Our conclusion in this regard is supported, at least by analogy, by the rationale of the decisions of our Supreme Court in *State v. Benfield,* 278 N.C. 199, 179 S.E. 2d 388; *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198; and *State v. Fowler,* 266 N.C. 667, 147 S.E. 2d 36.

On this appeal defendant has noted a total of sixty-six assignments of error. We have carefully considered all of these and find no error sufficient to entitle defendant to a new trial. The result is that in Case No. 69CR39480 in which defendant was convicted and sentenced for unlawful possession of LSD, we find no error. In Case No. 69CR37894 in which defendant was convicted and sentenced for unlawful possession of marihuana, the judgment pronounced therein is vacated, and the cause is remanded to the Superior Court of Wake County for the pronouncement of a new judgment within the limits provided by G.S. 14-3(a).

Case No. 69CR39480, No error.

Case No. 69CR37894, Judgment vacated and cause remanded.

Judges BRITT and MORRIS concur.