STATE OF NORTH CAROLINA v. GEORGE HERMAN WALTERS

No. 7112SC700

(Filed 2 February 1972)

**1. Appeal and Error § 45— contention not supported by exception or assignment of error**

A contention in the brief not based on any exception or assignment of error will not be considered. Court of Appeals Rule 19(c).

**2. Appeal and Error § 45— failure of brief to refer to exceptions, assignments of error and page numbers**

Appeal is subject to dismissal where defendant's brief contains no reference to his exceptions or assignments of error or to the page of the record where may be found the exception or assignment of error upon which he bases his argument as required by Court of Appeals Rule 28.

**3. Searches and Seizures § 3— search warrant for heroin — validity**

The trial court properly ruled that heroin was seized pursuant to a lawfully obtained search warrant.

APPEAL by defendant from *Bailey, Judge,* 14 June 1971 Session of Superior Court held in CUMBERLAND County.

Defendant was charged in a bill of indictment with the felony of possessing a quantity of narcotic drugs, to wit: heroin. Defendant pleaded not guilty, the jury found him guilty, and judgment was entered imposing a five-year prison sentence. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Weathers, for the State.*

*Berry and Berry, by Doran J. Berry, for defendant appellant.*

MORRIS, Judge.

[1] Appellant assigns as error the failure of the trial court to allow him an opportunity to offer evidence on voir dire examination and the failure of the court to make findings of fact or conclusions of law after conducting the voir dire examination. The record contains no objections nor exceptions nor does the record indicate in any manner that these purported errors of the court are assigned as error. A contention in the brief not based on any exception or assignment of error will not be considered.

1 Strong, N. C. Index 2d, Appeal and Error, § 45; Rule 19(c), Rules of Practice in the Court of Appeals of North Carolina.

[2] Defendant purports to list 23 assignments of error in the record. There is nowhere in defendant's brief any reference to his exceptions or assignments of error nor any reference to the page of the record where may be found the exception or assignment of error upon which he bases his argument as required by Rule 28, Rules of Practice in the Court of Appeals of North Carolina. See also 1 Strong, N. C. Index 2d, Appeal and Error, § 45. Although it is almost impossible to determine which of defendant's purported exceptions and assignments of error are argued in the brief, we have concluded that no argument is contained in the brief with respect to those numbered 3, 4, 6, 7, 8, 9, 10, 11, 15 and 16. These are, of course, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. The appeal is subject to dismissal and is dismissed for failure to comply with the Rules of Practice. Rule 48, Rules of Practice in the Court of Appeals of North Carolina.

[3] Nevertheless, we have carefully considered the entire record and find no prejudicial error. Applying principles set forth in *State v. Shirley*, 12 N.C. App. 440, 183 S.E. 2d 880 (1971), cert. denied 279 N.C. 729 (1971), the trial court properly ruled that the evidence was seized pursuant to a lawfully obtained search warrant, and there was no error in the court's overruling defendant's motion to suppress the evidence.

Appeal dismissed.

Judges CAMPBELL and PARKER concur.