STATE OF NORTH CAROLINA v. WESLEY A. FOYE

No. 728SC318

(Filed 26 April 1972)

1. Searches and Seizures § 3— affidavit for search warrant — confidential informant

Affidavit of an A.B.C. officer that he had been supplied information by a confidential informant that defendant has narcotic drugs on his person and on described premises, that the informant has personal knowledge that narcotic drugs are on defendant's person and premises, and that the informant has previously supplied information resulting in the seizure of narcotic drugs and in conviction, *held* sufficient to enable the magistrate to make an independent determination that probable cause existed for the issuance of a warrant to search defendant's premises for narcotics. G.S. 15-26(b).

2. Searches and Seizures § 3— search warrant — description of contraband — "narcotic drugs"

Warrant authorizing a search for "narcotic drugs, the possession of which is a crime" described the contraband with sufficient particularity to prevent the warrant from being a general search warrant within the prohibition of the Fourth Amendment to the U. S. Constitution and Article I, § 20 of the N. C. Constitution.

3. Narcotics § 4— possession of heroin — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury in a prosecution for unlawful possession of heroin where it tended to show that a matchbox found on defendant's person contained heroin, and that a search of defendant's premises revealed 54 packages containing heroin, syringes and needles, a paper bag containing several bloody balls of cotton, and an address book containing packages of heroin.

ON *certiorari,* upon application of defendant, to review judgment of *Cohoon, Judge,* 22 March 1971 Session of Superior Court held in LENOIR County.

The defendant was charged in a bill of indictment, proper in form, with unlawful possession of a narcotic drug, to wit: heroin. The defendant, through his court-appointed counsel, tendered a plea of not guilty. The evidence for the State tended to show that on 7 January 1971, Lenoir County A.B.C. Officer Paul W. Young, acting pursuant to information received from a confidential informant, obtained a warrant at 3:00 p.m. for the search of defendant's house on 405 Holloway Drive in Kinston, North Carolina. Armed with this search warrant and accompanied by officers from the Lenoir County Sheriff's office and the Kinston Police Department, Officer Young immediately proceeded to the premises at 405 Holloway Drive where he executed the search warrant at about 3:20 p.m. A search of defendant's person and premises was conducted after the search warrant had been read to him, and he had been advised of his constitutional rights. A search of defendant's person produced a matchbox in which five small pink capsules containing a white powder was found. A search of the premises revealed 54 packages of white powder, syringes and needles, a brown paper bag containing several bloody balls of cotton and kleenex, and an address book which contained packages of white powder. Expert testimony tended to show that the white powdery substances contained various percentages of heroin. State's exhibit No. 7 was an envelope containing marihuana and a book of cigarette papers, but it was not introduced into evidence.

The defendant testified that he was a student at Fayetteville State University at the time of his arrest but was visiting at his home in Kinston; that he and the co-defendant Thompson were in his bedroom when one Holloway came in and began to roll a marihuana cigarette; that defendant would not allow Holloway to smoke it in the house so he left; that Holloway returned about 30 minutes later and wanted to use defendant's phone; that Holloway laid his address book on the night stand in the bedroom and defendant had never seen that address book before Holloway took it out; that Holloway lit a cigarette in the house but "I didn't notice him putting the matches that he had on the night table but evidently he did because I didn't know anything about the matchbox containing five packages of whatever it was"; that he picked up the matchbox along with his

cigarettes off the night table when he left the room to make the telephone call; and that "I do not know how the various materials that were found in my bedroom got there." The defendant also introduced the evidence of the co-defendant Thompson which tended to corroborate his testimony.

From a verdict of guilty and judgment of imprisonment for five years entered thereon, the defendant appealed to the Court of Appeals. Due to the inability of defendant's counsel to obtain a trial transcript within the time allowed to perfect his appeal, a petition for writ of certiorari was allowed on 14 January 1972.

*Attorney General Morgan, by Assistant Attorney General Eatman, for the State.*

*Everette L. Wooten, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant's principal assignment of error concerns the refusal of the trial court to suppress any evidence seized in the search of the premises located at 405 Holloway Drive on 7 January 1971. He contends that the affidavit of A.B.C. Officer Young, upon which the search warrant was issued, was insufficient to enable the magistrate to make an independent determination of probable cause; and that the affidavit was defective in that it lacks the particular description of the things to be seized resulting in the search warrant's becoming a general search warrant prohibited by the Fourth Amendment to the Constitution of the United States and by Article I, § 20, of the Constitution of North Carolina.

In evaluating the showing of probable cause necessary to support a search warrant, we are initially reminded of the often times quoted admonition of *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965):

> "[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers

State v. Foye

in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." 380 U.S., at 108.

[1] The affidavit as appearing in the record on appeal reads in part as follows:

"Paul W. Young, Lenoir County A.B.C. Officer, being duly sworn and examined under oath, says under oath that he has probable cause to believe that Wesley Foye has on his premises and on his person certain property, to wit: narcotic drugs, the possession of which is a crime, to wit: possession of narcotic drugs, 1-7-71, 405 Holloway Dr., Kinston, N. C.

The property described above is located on the premises and on the person described as follows:

A one story house with brick front and shingles on side. The facts which establish probable cause for the issuance of a search warrant are as follows: Based on information furnished by a confidential informer who has worked on narcotic drugs for the City of Jacksonville, N. C., his information resulted in the arrest and seizure of narcotic drugs and convictions. This informer has personal knowledge that narcotic drugs are on the premises and on the person as described above on this date. As result of this informer's information in the year of 1970, to the Jacksonville, N. C. Police Dept. narcotic drugs were seized, arrest was made and conviction resulted."

Based upon the information contained in this affidavit, the Clerk of Superior Court of Lenoir County found probable cause for a search and issued a warrant. The affidavit portion of the search warrant was on one side of the sheet of paper, and the warrant portion was on the reverse. The warrant portion ostensibly incorporated by reference the description of the items to be searched for and the place to be searched contained in the affidavit portion.

When this issue was raised in the Superior Court, the jury was sent out, and a voir dire hearing was conducted. All parties would agree that the testimony during voir dire, taken in the light most favorable to the State, was certainly more persuasive than the affidavit. In fact the trial court, in its order denying defendant's motion to suppress, concluded "1. That the Affidavit, while not prepared in the most desirable manner, does sufficiently indicate the basis for the finding of probable cause" and "5. That while the better practice will always be for the issuing official to set forth in the affidavit more detailed information comprising the grounds for issuing the Warrant, sufficient information was related under oath to the issuing official in this case before preparation of the Affidavit to [indicate] probable cause for the issuance of said Warrant." We are inclined to agree. G.S. 15-26(b) relating to the contents of search warrants specifically requires:

> "(b) An affidavit signed under oath or affirmation by the affiant or affiants and *indicating the basis for the finding of probable cause* must be a part of or attached to the warrant." (Emphasis supplied.)

The affidavit attached to the warrant sufficiently indicates the basis for the finding of probable cause under G.S. 15-26(b). The information given to the affiant by an unidentified informer and recited in the affidavit, if true, is sufficient to establish probable cause. The Clerk of Superior Court was certainly entitled to rely upon the sworn statement of the affiant, an A.B.C. officer who appeared before him in person, in concluding that the affiant was correctly reciting what had been told him by his informer. Personal and recent observations by an unidentified informer of criminal activity show that the information was gained in a reliable manner and was more than a "bald and unilluminating assertion of suspicion." *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969). Finally, the affidavit stated that the informer had furnished information in the past which had resulted in the seizure of narcotic drugs and subsequent conviction, all of which tended to show that the informer was credible and his information reliable. We are of the opinion that the affidavit in the present case contained the material and essential facts necessary to support the finding of probable cause before this search warrant was issued. *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.

2d 723, 84 S.Ct. 1509 (1964); *Spinelli v. United States, supra; United States v. Harris,* 403 U.S. 573, 29 L.Ed. 2d 723, 91 S.Ct. 2075 (1971); *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1972); *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971); *State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820 (1971); *State v. Shirley,* 12 N.C. App. 440, 183 S.E. 2d 880 (1971), cert. den. 279 N.C. 729 (1971); *State v. Moye,* 12 N.C. App. 178, 182 S.E. 2d 814 (1971).

[2] Defendant contends that the search warrant was insufficient to justify seizure and introduction in evidence of heroin, since the affidavit upon which it was based referred only to "narcotic drugs, the possession of which is a crime" and did not describe the things to be seized with more particularity. We find this contention to be without merit. The description in the search warrant was particular enough to prevent the warrant from being a general search warrant within the prohibition of the Fourth Amendment to the Constitution of the United States and of Article I, § 20, of the Constitution of North Carolina *(State v. Shirley, supra),* and was within the provision of G.S. 15-26 (a) which requires that:

> "(a) The search warrant must describe with reasonable certainty the person, premises, or other place to be searched and the contraband, instrumentality, or evidence for which the search is to be made."

The requirement that warrants shall particularly describe the things to be seized is to prevent the seizure of one thing under a warrant describing another and to leave nothing to the discretion of the officer executing the warrant in determining what is to be taken. *Marron v. United States,* 275 U.S. 192, 72 L.Ed. 231, 48 S.Ct. 74 (1927). In *Stanford v. Texas,* 379 U.S. 476, 485, 13 L.Ed. 2d 431, 85 S.Ct. 506 (1965), reh. den. 380 U.S. 926, 13 L.Ed. 2d 813, 85 S.Ct. 879 (1965), involving a seizure of some 2000 pieces of literature relating to Communist Party operations, the United States Supreme Court held that the particularity requirement "is to be accorded the most scrupulous exactitude when the 'things' are books, and the basis for the seizure is the ideas which they contain." But when first amendment rights are not involved, the specificity requirement is more flexible. The Court in *Stanford* refused to decide that the description "cases of whiskey" was too generalized or whether the description of the things to be seized would not have

been particular enough to pass constitutional muster had the things been weapons or narcotics. Id. at 486; see *Steele v. United States*, 267 U.S. 498, 69 L.Ed. 757, 45 S.Ct. 414 (1925). "In the search of a gambling establishment the same descriptive particularity is not necessary as in the case of stolen goods." *Nuckols v. United States*, 69 App. D.C. 120, 122, 99 F. 2d 353, 355 (1938), cert. den. in *Floratos v. United States*, 305 U.S. 626, 83 L.Ed. 401, 59 S.Ct. 89 (1938); *United States v. Joseph*, 174 F. Supp. 539 (D.C.E.D.Pa. 1959), aff'd 278 F. 2d 504 (3d Cir. 1959), cert. den. 364 U.S. 823, 5 L.Ed. 2d 52, 81 S.Ct. 59 (1960). Just as a warrant limited to the seizure of items directly related to a booking operation is not the kind of general search prohibited by the Fourth Amendment, we are of the opinion that a warrant empowering officers to seize a limited class of things, i.e., unlawfully possessed narcotic drugs, is not prohibited. See *United States v. Fuller*, 441 F. 2d 755 (4th Cir. 1971), cert. den. 404 U.S. 830, 30 L.Ed. 2d 59, 92 S.Ct. 74 (1971). See also *United States v. Ketterman*, D.C. App., 276 A. 2d 243 (1971), wherein a search warrant describing ".38 caliber special pistol and narcotics" was held to be sufficiently particular.

Under the circumstances of this case, the description of the search warrant with the attached affidavit is sufficiently particular, especially in light of the fact that the types and classifications of narcotic drugs seem to increase numerically almost daily and most of them cannot be definitely identified except by experts through chemical analysis. Heroin was clearly within the generic classification of "narcotic drugs" as defined by the Narcotic Drug Act, Article 5 in § 90-87(9) and (11) of the General Statutes (now replaced by the Controlled Substances Act § 90-86 to 90-113.8, effective 1 January 1972). The marihuana seized, though it was never introduced into evidence, was also a "narcotic drug." G.S. 90-87(1) and (9). The search warrant and attached affidavit in this case are in substantial compliance with statutory and constitutional requirements.

[3] Defendant also assigns as error the failure of the court to allow his motion as of nonsuit made at the close of the State's evidence and again at the close of all the evidence. We hold that there was ample evidence to require submission of the case to the jury.

No error.

Chief Judge MALLARD and Judge PARKER concur.