STATE OF NORTH CAROLINA v. FRANCES PERSON McKOY, ALIAS FRANCES SMITH

No. 7212SC649

(Filed 25 October 1972)

**1. Searches and Seizures § 3— reliability of confidential informer**

An affiant's statement that a confidential informer had given "this agent good and reliable information in the past . . . that had been checked by the affiant and found to be true" was a sufficient statement of circumstances supporting informant's reliability to sustain the issuance of a search warrant.

**2. Constitutional Law § 31— failure of affiant to reveal identity of alleged narcotics users — no error**

On *voir dire* to determine whether there was sufficient evidence before the magistrate issuing a search warrant to justify a finding of probable cause, the trial court did not err in refusing to compel the affiant to reveal the identity of the alleged narcotics users whom he had seen entering the defendant's home.

APPEAL by defendant from *Clark, Judge,* 1 May 1972 Criminal Session of Superior Court held in CUMBERLAND County.

Defendant was charged in a bill of indictment, proper in form, with the felonious possession of a quantity of heroin.

The evidence for the State tended to show the following: On 30 July 1971 Officer H. B. Parham of the Inter-Agency Bureau of Narcotics, acting pursuant to information received from a confidential informant, obtained a warrant for the search of defendant's trailer on 1034 Bernadine Street in Fayetteville, North Carolina. Officer Parham and other members of the Inter-Agency Bureau of Narcotics immediately proceeded to 1034 Bernadine Street where they executed the search warrant at about 3:00 p.m. Inside the residence, Officer Parham found the defendant and one Louis Brown. The search warrant was read to the defendant and a search was made of the premises. During the search, Officer Parham observed that one of the window panes in the rear bedroom had been broken and the screen pushed out. Officer Parham had heard the sound of breaking glass as he was approaching the trailer, and, upon investigation, saw through the broken window a Falstaff beer can lying on the ground behind the trailer at the end of the bedroom with a white cloth sticking in the top of it. Inside the can were plastic bags with small tinfoil packs. The packs contained powder

which was identified as heroin. The defendant's fingerprints were found on the beer can and on one of the tinfoil packs.

Defendant offered evidence which tended to show the following: On the morning of 30 July 1971 defendant was visited by Louis Brown, who rented the trailer and lived there on weekends. Defendant left the trailer for a short time and found the trailer door locked when she returned. When Brown let her in, defendant saw drugs spread out on the kitchen table. Defendant asked Brown to remove them, and knocked them on the floor when he refused. Brown made defendant pick the drugs up and put them back in their container, a Falstaff beer can. After an argument, Brown took a nap, setting the drugs beside him. While Brown was asleep, defendant took the drugs outside and threw them behind the trailer. Defendant did not throw the beer can through the window, which had been broken a month earlier. Defendant testified that she did not use or sell drugs.

From a jury verdict of guilty as charged and a judgment imposing an active prison sentence, defendant appealed.

*Attorney General Morgan, by Deputy Attorney General Vanore for the State.*

*Sol G. Cherry, Public Defender, for the defendant.*

BROCK, Judge.

[1] Defendant's principal assignment of error concerns the refusal of the trial court to suppress the evidence seized in the search of the premises located at 1034 Bernadine Street on 30 July 1971. She contends that the affidavit of Officer Parham, upon which the search warrant was issued, was insufficient to enable the magistrate to make an independent determination of probable cause in accord with the requirements of *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964) and *Spinelli v. U.S.,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969). Defendant argues, in particular, that the supporting affidavit does not present the magistrate with the underlying circumstances from which the affiant concluded that the informant is credible or his information trustworthy.

When this issue was raised in the Superior Court, the jury was sent out, and a voir dire hearing was conducted. Defendant concedes that there was sufficient testimony on voir dire exami-

nation for the issuance of a search warrant. However, defendant properly notes that the determinative point for finding probable cause is the time of the issuance of the warrant and not at the time of the voir dire examination. The record indicates that the sole basis for the magistrate's finding of probable cause was the supporting affidavit.

The challenged portion of the affidavit attached to the search warrant, as appears in the record on appeal, reads as follows:

"That a confidential informant who has given this agent good and reliable information in the past stated that on this date, July 30, 1971, he has been to the above address and seen a large quantity of heroin. That the above named subject is selling the heroin, one-half spoon and spoon quantity, for twenty dollars and forty dollars. This agent has received other information on the above address and has seen known narcotics dealers going to and from the above address. This confidential informant is knowledgeable of the narcotic traffic in the Fayetteville and Cumberland County area, and has furnished the affiant information in the past that has been checked by the affiant and found to be true."

G.S. 15-26 provides that an affidavit signed under oath by the affiant *indicating* the basis for the finding of probable cause must be a part of or attached to the warrant. While an affidavit does not have to reflect the personal observations of the affiant, *Aguilar v. Texas, supra,* requires a two-pronged test to sustain such a warrant. The first requirement, that the magistrate be informed of some of the underlying circumstances from which the informant concluded that narcotics were present, is clearly met in this case, and that part of the affidavit has not been challenged. We find that the second standard, that the magistrate be informed of the underlying circumstances from which affiant concluded that the informant was credible and reliable, is also met.

This court has already established the "irreducible minimum" circumstances that must be set forth in support of an informant's reliability to sustain a warrant. *State v. Altman,* 15 N.C. App. 257 (filed 12 July 1972). In *Altman,* the affiant's statement that the confidential informant "has proven reliable and credible in the past" was held to meet the minimum stand-

ards to sustain a warrant. In the present case, the affiant's statement that the confidential informant had given "this agent good and reliable information in the past . . . that had been checked by the affiant and found to be true" also meets this minimum standard.

Since the affidavit in question meets the *Aguilar* requirements, it clearly meets the less technical requirements of *U.S. v. Harris*, 403 U.S. 573, 29 L.Ed. 2d 723, 91 S.Ct. 2075 (1971). We have considered defendant's exception to the trial judge's finding of facts on voir dire and find no merit in that assignment. We hold that the affidavit was sufficient on its face, and the search warrant, being adequate in all other respects, was valid.

[2] Defendant assigns as error the failure of the trial judge on voir dire to compel the affiant to reveal the identity of the alleged narcotics users whom he had seen entering the defendant's home. We find no authority, and are cited to none, that supports the contention that the identity of these alleged users should be revealed. There is no showing that the identity of these users would be sufficiently relevant or helpful to the defendant's case to warrant exposing the names of these alleged users, some of whom the record indicates aid the police in narcotics investigations. *State v. Johnson*, 13 N.C. App. 323, 185 S.E. 2d 423, *Roviaro v. United States*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623.

This information is of no use in challenging the sufficiency of the affidavit. On voir dire, the trial judge determines only whether there was sufficient evidence before the issuing magistrate to justify a finding of probable cause. The magistrate is entitled to rely upon the sworn statement of the affiant, a police officer, in concluding that the affiant was correctly reciting his own observations, and what had been told him by his informer. *State v. Foye*, 14 N.C. App. 200, 188 S.E. 2d 67.

No error.

Chief Judge MALLARD and Judge BRITT concur.