STATE OF NORTH CAROLINA v. ROBERT McCUIEN

No. 724SC792

(Filed 20 December 1972)

**Criminal Law § 84; Searches and Seizures § 3— sufficiency of affidavit to support search warrant — admissibility of seized heroin and syringe**

An affidavit indicating the reliability of its information by naming an informant, indicating the value of his past assistance and corroborating that information with statements from other officers was sufficient to support the issuance of a search warrant for defendant's premises, and bags of heroin, a needle and syringe and other items seized as a result of the search were admissible.

APPEAL by defendant from *Rouse, Judge,* 15 March 1972 Session of Superior Court held in ONSLOW County.

Defendant was tried on three indictments charging him with manufacturing heroin, possessing heroin and with possession of an instrument and implement adapted for the use of administering injections of heroin for the purpose of administering such injections, all in violation of the North Carolina Controlled Substances Act. At the close of the State's evidence, defendant was granted a nonsuit as to the charge of manufacturing heroin.

The State's evidence tended to show that eight officers from the Jacksonville Police Department and the Onslow County Sheriff's Department, in possession of a search warrant and some felony arrest warrants for defendant, went to defendant's apartment. After announcing who they were and failing to be admitted, the officers obtained entrance by force. As they did so, they heard the sound of glass breaking in the front bedroom. Defendant was found in the front bedroom with a fresh cut on his right arm and the front window of the bedroom had a pane broken. There were red stains on the remaining jagged edges. A plastic bag was found outside near a corner of the porch of the apartment approximately nine feet away from the bedroom's broken front window. The bag contained 79 "bindles" and four of those bindles, selected at random and tested by a chemist, contained the controlled substance, heroin. A large syringe and needle were found in a dresser drawer in the bedroom. Three used "cooker caps" containing residue and traces of heroin, two syringe parts, a particle of a syringe, a needle and extra "cooker caps" all were found in defendant's kitchen.

A number of cut sections of glassine paper and cut sections of "tin foil" were also found in the kitchen.

Defendant's evidence tended to show that six days after the search at defendant's apartment, he was examined by a doctor who found a hematoma on defendant's upper right arm. The doctor found no cuts or evidence of cuts on defendant's arm at that time. Defendant testified that he was awakened by banging at the door. As he sat up in bed, the side window of the bedroom was broken and he was struck on his upper right arm by what he thought was the butt of a gun. Defendant denied using and selling drugs and also denied breaking the front window. He stated that other people had been in the apartment earlier in the evening.

Defendant was found guilty and sentenced to five years imprisonment for illegal possession of heroin and he was found guilty and sentenced to serve two years for possession of a hypodermic syringe or needle for the purpose of administering heroin. The sentences are to run consecutively.

*Attorney General Robert Morgan by Edward L. Eatman, Jr., Assistant Attorney General for the State.*

*Edward G. Bailey for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error the court's finding that the search of defendant's premises was lawful and that the evidence obtained as a result of the search was admissible. He contends that the search warrant is invalid because the affidavit upon which it is based is insufficient. Defendant cites, among others, G.S. 15-26(b); *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509; and *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584.

Defendant's assignments of error directed to the validity of the search warrant are overruled. The affidavit indicates the reliability of the information by naming an informant, indicating the value of his past assistance and corroborating that information with statements from other officers. In pertinent part, the affidavit recites: ". . . this officer has received information from a reliable source that heroin has been used and is being stored in this apartment. Authur Burke has advised that he has seen heroin in Robert McCuien's apartment and

that is *(sic)* there now. Lt. Jerry Reed has received information from several sources that heroin is being sold and used in this apartment. This apartment has the reputation of a heroin hold where drugs are sold. Two of the girls that works *(sic)* as prostitutes in this apartment use heroin regularly. Det. W. C. Jarman has been receiving information that heroin is being sold at this apartment. Arthur Burke has given Lt. Reed and State ABC Officer Jerry Flowers good reliable *(sic)* on numerous occasions that *(sic)* resulted in arrests and convictions for drug cases and larceny cases." Here the informant states unequivocally that he has seen heroin in defendant's apartment and that heroin is presently on the premises. The affiant also states that two girls associated with the apartment use heroin regularly. *Spinelli, supra,* holds that in the absence of a statement by the informer detailing the manner in which his information was gathered, it is especially important that he describe the accused's criminal activities in sufficient detail that the magistrate may know he is acting on something more substantial than a casual rumor or the accused's general reputation. The informant in *Spinelli* had merely concluded that the accused was engaged in a bookmaking operation without stating any circumstances from which the informant had reached his conclusion. In the present case, however, the informant stated that he had seen the heroin and that it was then presently in the defendant's apartment. The magistrate could reasonably infer from the details recited in the affidavit that the informant had gained his information in a reliable way. *Draper v. United States,* 358 U.S. 307, 3 L.Ed. 2d 327, 79 S.Ct. 329. We hold that the affidavit in the present case is sufficient to reasonably satisfy the magistrate that probable cause existed. *United States v. Harris,* 403 U.S. 573, 29 L.Ed. 2d 723, 91 S.Ct. 2075.

Defendant's other assignments of error have been considered and are overruled.

No error.

Judges HEDRICK and GRAHAM concur.