STATE OF NORTH CAROLINA v. DON ELAM

No. 7320SC632

(Filed 19 September 1973)

1. Searches and Seizures § 3— sufficiency of affidavit to support warrant

An affidavit stating that a confidential informer told affiant that defendant had a quantity of marijuana on his property, that affiant believed the confidential source of information to be true and reliable, that affiant had determined through investigation that the information from the confidential source was accurate, and that an SBI agent, who had obtained his information from a source who had given information leading to a past arrest, told affiant that defendant was a dealer of marijuana was sufficient to establish probable cause to issue a search warrant as required by G.S. 15-26(b).

2. Constitutional Law § 31; Criminal Law §§ 42, 91— pretrial examination of evidence — continuance — motions properly denied

Trial court did not abuse its discretion in refusing to allow defendant to examine, before trial, the State's chemist and evidence and in refusing to grant a continuance to allow such examination where bills of indictment were returned against defendant at the 21 August 1972 session of court, the cases were calendared to be tried on 12 February 1973, but defendant did not request an examination until 1 February 1973. G.S. 15-155.4.

3. Narcotics § 4.5— manufacture of marijuana with intent to distribute — instructions — no prejudice to defendant

G.S. 90-95(a)(1) makes the manufacturing of marijuana a felony, regardless of the quantity manufactured or the intent of the offender; therefore, instruction by the trial judge to the effect that defendant was charged with manufacturing marijuana with intent to distribute and to find defendant guilty of that charge the jury must find that defendant manufactured marijuana with intent to distribute, if erroneous, did not prejudice defendant but imposed a greater burden on the State than was necessary.

APPEAL by defendant from McConnell, Judge, 12 February 1973 Criminal Session of UNION Superior Court.

Upon pleas of not guilty defendant was tried on bills of indictment charging felonious possession of marijuana and felonious manufacture of marijuana under G.S. 90-95 (a) (1).

Evidence for the State, presented on voir dire in the absence of the jury and at trial, briefly summarized, tended to show: For about two months prior to the date of the alleged offenses, defendant had lived on his uncle's farm in the Waxhaw community of Union County, in order to protect the property from vandalism. John Mayberry, a Union County deputy sheriff, and B. M. Lea, a special agent of the State Bureau of Investigation, received a tip from a confidential informer that defendant was growing marijuana on the property aforesaid and also had marijuana in a barn on the property. Mayberry obtained a search warrant from a local magistrate and a search revealed marijuana growing on the farm and marijuana seed in the barn.

Defendant was found guilty of both charges and appeals from judgment imposing a suspended sentence on the possession charge and an active sentence of one year on the manufacturing charge.

*Attorney General Robert Morgan by C. Diederich Heidgerd, Associate Attorney, for the State.*

*James, Williams, McElroy & Diehl, P.A. by William K. Diehl, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant first assigns as error the failure of the trial court to suppress evidence seized under the search warrant, contending that the affidavit upon which the search warrant was issued, was insufficient to establish probable cause. The affidavit, in pertinent part, reads:

"* * * Confidential source of information to Affiant [John Mayberry] that Don Elam has on the property & curtilage described above a quantity of marijuana. Affiant believes the confidential source of information to be true and reliable. Further affiant has determined through investigation that the information from the confidential source of information to be accurate. The source of information stated to affiant that he had observed a great deal

of trafficking in and out of the above described premises. The source of information states he knows of his own knowledge that the above named subject has growing on the above described premises marijuana. The source of information further states that Don Elam has inside the above described dwelling structure marijuana. The source of information stated that Don Elam has on the above described premises a quantity of marijuana at this time. That he further has marijuana growing on the premises at this time.

"Affiant further states the S/A B. M. Lea of the SBI advised him that the above named subject is dealer of marijuana. S/A Lea advised affiant that he had obtained this information from a confidential source of information who had given information in the past which led to the arrest and conviction of Rodney McCain. S/A Lea further stated to affiant that he believes his information to be true and accurate."

Having applied the tests of sufficiency as set forth by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969); and *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 2d 723 (1971), in applying the Fourth Amendment to the Federal Constitution and as adopted by our State courts in *State v. Shirley*, 12 N.C. App. 440, 183 S.E. 2d 880 (1971), cert. den. 279 N.C. 729, 184 S.E. 2d 885 (1971); *State. v. Flowers*, 12 N.C. App. 487, 183 S.E.. 2d 820 (1971), cert. den. 279 N.C. 728, 184 S.E. 2d 885 (1971); *State v. Foye*, 14 N.C. App. 200, 188 S.E. 2d 67 (1972); *State v. McKoy*, 16 N.C. App. 349, 191 S.E. 2d 897 (1972), cert. den. 282 N.C. 584, 193 S.E. 2d 744 (1973); *State v. Shanklin*, 16 N.C. App. 712, 193 S.E. 2d 341 (1972), cert. den. 282 N.C. 674, 194 S.E. 2d 154 (1973); *State v. McCuien*, 17 N.C. App. 109, 193 S.E. 2d 349 (1972); and *State v. Ellington*, 18 N.C. App. 273, 196 S.E. 2d 629 (1973), we conclude the affidavit was sufficient to establish probable cause to issue a search warrant as required by G.S. 15-26 (b).

[2] By his second assignment of error defendant contends that he was denied due process of law when the trial court refused to allow him to examine, before trial, the State's chem-

ist and evidence, and refused to grant a continuance to allow such examination; that these actions violated the provisions of G.S. 15-155.4 and constituted an abuse of the court's discretion. We find no merit in this assignment.

G.S. 15-155.4 provides that in all criminal cases before the superior court, the assigned judge shall, for good cause shown, order the State to produce evidence and permit expert witnesses to be examined by the defendant. The statute also provides in pertinent part as follows:

> "Prior to issuance of any order for the inspecting, examining, copying or testing of any exhibit or the examination of any expert witness under this section the accused or his counsel shall have made a written request to the solicitor or other counsel for the State for such inspection, examination, copying or testing of one or more specifically identified exhibits or the examination of a specific expert witness and have had such request denied by the solicitor or other counsel for the State or have had such request remain unanswered for a period of more than 15 days."

The alleged offenses occurred on 7 July 1972, warrants were served on defendant on that date, he was given a preliminary hearing on 31 July 1972, and bills of indictment were returned at the 21 August 1972 session of the court. The record indicates that on Thursday, 1 February 1973, after these cases had been calendared to be tried on 12 February 1973, defendant's counsel (of Charlotte, N. C.) wrote a letter addressed to Solicitor Carroll Lowder, Union County courthouse, Monroe, N. C., requesting the solicitor, pursuant to G.S. 15-155.4, to produce for counsel's "inspection, examination and testing" all exhibits intended to be used in the trial of defendant, the exhibits to include any allegedly criminal substance seized from defendant or in the search of his premises. The letter also requested the solicitor to produce for purpose of examination by defendant before the Clerk of Superior Court of Union County any expert witnesses which the State proposed to call at the trial, and particularly any chemist proposed to be called to identify any seized material.

Before pleading to the bills of indictment, defendant moved for an order requiring the solicitor to comply with G.S. 15-155.4 and for a continuance of the trial. The solicitor opposed the

State v. Elam

motion for continuance but agreed for counsel to talk to the chemist and examine the evidence proposed to be used at trial. The court denied defendant's motion.

The record indicates that although defendant's present counsel was not employed until 1 February 1973, defendant had been represented by privately employed counsel from the time of his indictment. We think defendant "slept on his rights" under G.S. 15-155.4 and that the trial court did not abuse its discretion in denying defendant's motion for a continuance.

Defendant assigns as error the denial of his motions to dismiss interposed at the conclusion of the State's evidence and renewed at the conclusion of all the evidence. We hold that the evidence was sufficient to survive the motions.

[3] Defendant assigns as error portions of the court's instructions to the jury relating to the manufacturing of marijuana charge. The court instructed the jury to the effect that defendant was charged with manufacturing marijuana *with intent to distribute* and to find defendant guilty of that charge the jury must find that defendant manufactured marijuana with intent to distribute.

G.S. 90-95(a)(1) provides that it shall be unlawful for any person "To manufacture, distribute or dispense or possess with intent to distribute a controlled substance listed in any schedule of this Article." Defendant contends the clause "with intent to distribute" relates to the word "possess" which it follows and that the statutes do not create an offense of manufacturing with intent to distribute. Assuming, *arguendo,* the court erred in the instructions complained of, we can perceive no prejudice to defendant. In fact, the court imposed a greater burden on the State than appears to have been necessary. Clearly the statute does not create more than one grade of the offense of manufacturing marijuana as is true with the offense of possession of marijuana. We think the statutes make the manufacturing of marijuana a felony, regardless of the quantity manufactured or the intent of the offender. This differs from the offense of possession of marijuana in that in specified cases simple possession constitutes a misdemeanor while possession for purpose of distribution is made a felony.

Defendant relies on our opinion in *State v. McGee,* 18 N.C. App. 449, 197 S.E. 2d 63 (1973). We find no difficulty in

distinguishing the two cases. In *McGee* we felt that the erroneous jury instruction made it unduly difficult for the jury to find the defendant guilty of misdemeanor possession of marijuana as opposed to felonious possession. In the instant case, finding defendant guilty of a misdemeanor was not an alternative. Since the error complained of was not prejudicial to defendant, the assignment is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit.

No error.

Judges HEDRICK and VAUGHN concur.