STATE OF NORTH CAROLINA v. JESSIE EARL MAY

No. 734SC667

(Filed 12 December 1973)

**1. Narcotics § 4— manufacture of marijuana — sufficiency of evidence**

In a prosecution for manufacturing marijuana, the trial court properly refused to grant defendant's motions for nonsuit where the

evidence tended to show that defendant worked for a third person who farmed, that defendant cultivated a cornfield for the third person, that law enforcement officers found marijuana growing in the field, and that defendant had previously told the Chief of Police that he had formerly worked for a man who had some marijuana in a cornfield.

**2. Narcotics § 4.5— manufacture of marijuana — instructions as to defendant's intent not required**

In a prosecution for manufacturing marijuana, the trial court did not err in failing to explain to the jury that in order to find defendant guilty it would be necessary to find that defendant manufactured marijuana with the intent to distribute same, since the words "with intent to distribute" found in G.S. 90-95(a)(1) relate to the word "possess" and not to the words "manufacture, distribute or dispense."

APPEAL by defendant from *Tillery, Judge,* 5 May 1973 Session of Superior Court held in JONES County.

Defendant and William Franklin Brimage (Brimage) were jointly charged in a bill of indictment with manufacturing, with intent to distribute, approximately 25 pounds of marijuana on 14 June 1972. They pleaded not guilty. A jury found Brimage not guilty but found defendant guilty, and from judgment imposing prison sentence of two years, defendant appealed.

*Attorney General Robert Morgan by H. A. Cole, Jr., Assistant Attorney General, and C. Diederich Heidgerd, Associate Attorney, for the State.*

*Beaman, Kellum & Mills by James C. Mills for defendant appellant.*

BRITT, Judge.

[1]   Defendant assigns as error the failure of the court to allow his motions for nonsuit.

Evidence presented by the State, briefly summarized, tended to show: On 9 June 1972, Deputy Sheriff Haddock saw defendant and Brimage plowing with tractors in a three acre field planted in corn. The field is in a rural section of Jones County, approximately one-quarter mile from the nearest public road and approximately 50 yards from a farm road. The field contained 60 rows of corn and was surrounded by woods and bushes. In the absence of defendant and Brimage, Haddock examined the field and found approximately 650 marijuana plants growing on the rows among the corn plants. The mari-

juana plants varied in height from 8 inches to approximately 36 inches and were growing on all rows except about 12 at one end of the field. Haddock had been in the vicinity of the field around the first of May (1972) at which time he saw Brimage discing the land. Haddock reported his discovery to other law enforcement officers and on 14 June 1972 they went to the field, pulled up the marijuana plants, which weighed 25 pounds, and took possession of them. On cross-examination Deputy Sheriff Provost, who was in the raiding party, testified that in some places in the field ragweed was quite thick but the ragweed had been cleaned away from the marijuana plants. Haddock testified that in plowing corn with a tractor, the operator sits about four feet above the ground and looks at the corn constantly, otherwise, he would cover the corn with dirt. S.B.I. Agent Phillips testified that some of the marijuana plants had grown taller than the corn.

Brimage and defendant testified as witnesses for themselves. Brimage's testimony is summarized in pertinent part as follows: In 1972 he "farmed" the field in question along with six other fields, planting a total of about 50 acres of corn. Defendant worked for him full-time during 1972. Around April 15-21, defendant planted corn in the three acre field and "I was right behind him with a weed sprayer." He and defendant plowed the field with tractors in May and again in June when they "laid it by." He had no knowledge of marijuana growing in the field and had never seen a marijuana plant prior to the seizure of those in question.

Defendant testified: He worked for Brimage in 1972 and assisted in planting the three acre field of corn in April and "cultivated" it with a tractor in May. He had no knowledge of marijuana growing in the field and had never seen a marijuana plant prior to the seizure of those in question.

On rebuttal, the State presented Trenton Chief of Police Maggie Small whose testimony is summarized thusly: She had been acquainted with defendant for some five to seven years prior to the trial. Some two or two and one-half years prior to June 1972, she had a casual conversation with defendant at a service station in Trenton. She and her husband were together at the time and defendant was complaining about some other man going off with his girl friend and the man did not have a driver's license. During the course of that conversation,

the subject of marijuana came up and defendant stated that he formerly worked for a man that had some marijuana in a cornfield and the man employed defendant to remove the weeds out of the corn. She asked defendant who the man was but defendant laughed and said he was not going to tell her. Defendant said that he knew what a marijuana plant was.

We hold that the trial court did not err in refusing to allow defendant's motion for nonsuit interposed at the conclusion of all the evidence.

[2] By his assignments of error 1 and 5, defendant contends the court erred in its failure to explain to the jury that in order to find defendant May guilty, it would be necessary to find that defendant manufactured marijuana *with the intent to distribute same*. Defendant argues that he was charged with violating G.S. 90-95 (a) (1) which makes manufacturing marijuana "with intent to distribute" a criminal offense. We reject this argument.

G.S. 90-95(a) (1) provides that it shall be unlawful for any person "To manufacture, distribute or dispense or possess with intent to distribute a controlled substance listed in any schedule of this Article." We hold that the words "with intent to distribute" relate to the word "possess" and not to the words "manufacture, distribute or dispense." See *State v. Elam*, 19 N.C. App. 451, 199 S.E. 2d 45 (1973). The averment in the indictment "with intent to distribute" is not necessary in charging the felony of manufacturing marijuana and is treated as surplusage. *State v. Stallings*, 267 N.C. 405, 148 S.E. 2d 252 (1966).

We have considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit.

No error.

Judges CAMPBELL and VAUGHN concur.