STATE OF NORTH CAROLINA v. AARON DAVIS, JERALD WILSON
AND CHARLES B. HOUSTON

No. 7422SC144

(Filed 20 February 1974)

**Searches and Seizures § 3— search warrant — sufficiency of affidavit**

Affidavit describing the property to be seized, giving defendant's name and address, making reference to a confidential informer and his reliability, and stating the information given affiant by the informer was sufficient to establish probable cause to issue a search warrant as required by G.S. 15-26(b).

APPEAL by defendants from *Winner, Special Judge,* 26 July 1973 Session of IREDELL Superior Court.

Defendants Davis and Houston were charged and convicted of possession of cocaine and of possession with the intent to distribute marijuana. Defendant Wilson was charged and convicted of possession with the intent to distribute marijuana. From said convictions, the defendants appealed.

*Attorney General Robert Morgan by Assistant Attorney General George W. Boylan and Associate Attorney General William A. Raney for the State.*

*Pope, McMillan & Bender by Harold J. Bender for the defendant appellants.*

CAMPBELL, Judge.

The defendants assign as error the denial of the trial court of their motion to suppress the evidence for that the search warrant was improper as the affidavit was inadequate.

The affidavit on which the search warrant was issued reads:

"AFFIDAVIT TO OBTAIN A SEARCH WARRANT (Wilson)

S-1 voir dire only

STATE

    v.

Jerald Wendell Wilson

520 So. Tradd Street, Statesville, NC

State v. Davis

H. G. Patterson, Sergeant, Vice Control, Statesville Police Department; being duly sworn and examined under oath, says under oath that he has probable cause to believe that Jerald Wendell Wilson has on his premises on his person certain property, to wit: Marijuana, Hashish and othrer [sic] controlled substances, the possession of which is a crime, to wit: Possession of a Controlled Substance for the Purp. of Distribution.

The property described above is located on the premises on his person described as follows: 520 South Tradd Street, Statesville, North Carolina—the upstairs south apartment of a dwelling color green. Jerald Wendell Wilson, C/M, 23; 6 Ft. 1 In. in height; 180 lbs in weight. The facts which establish probable cause for the issuance of a search warrant are as follows: The affiant has recieved [sic] information from a confidential informer, known to be reliable as that in the past said informer has given information which has lead [sic] to the arrest and conviction of narcotic law violators. [sic] two such occasions being on 4-7-73 and 9-28-72. Information recieved [sic] from said informer is that Jerald Wendell Wilson has in his possession a quantity of marijuana and hashhish [sic] and other controlled substances and that the said Jerald Wendell Wilson has said drugs at his apartment, 520 South Tradd St. Statesville, N.C. and that he is in the business of selling said drugs. The affiant has conducted surveillance at this location, app. 4 hrs. on different occasions and has observed a large crowd in and around the said 520 s. [sic] Tradd St. at all hours of the night and the affiant has observed known narcotic violators entering these premises and these activities are continueing. [sic].

H. G. PATTERSON
Signature of Affiant

Sworn and subscribed to before me
this 25 day of May, 1973.

R. E. RITCHIE
Magistrate

NOTE: The issuing official should swear the affiant twice, once to the affidavit and once before beginning the oral examination of the affiant."

State v. Davis

Having applied the tests of sufficiency as set forth by the United States Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964), *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969), and *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 2d 723 (1971), in applying the Fourth Amendment to the Federal Constitution and as adopted by our State courts in *State v. Shirley,* 12 N.C. App. 440, 183 S.E. 2d 880 (1971), *cert. den.,* 279 N.C. 729, 184 S.E. 2d 885 (1971), *State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820 (1971), *cert. den.,* 279 N.C. 728, 184 S.E. 2d 885 (1971), *State v. Foye,* 14 N.C. App. 200, 188 S.E. 2d 67 (1972), *State v. McKoy,* 16 N.C. App. 349, 191 S.E. 2d 897 (1972), *cert. den.,* 282 N.C. 584, 193 S.E. 2d 744 (1973), *State v. Shanklin,* 16 N.C. App. 712, 193 S.E. 2d 341 (1972), *cert. den.,* 282 N.C. 674, 194 S.E. 2d 154 (1973), *State v. McCuien,* 17 N.C. App. 109, 193 S.E. 2d 349 (1972), *State v. Ellington,* 18 N.C. App. 273, 196 S.E. 2d 629 (1973), *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972), *State v. Howell,* 18 N.C. App. 610, 197 S.E. 2d 616 (1973), and *State v. Elam,* 19 N.C. App. 451, 199 S.E. 2d 45 (1973), we conclude the affidavit was sufficient to establish probable cause to issue a search warrant as required by G.S. 15-26(b).

There was no error in admitting the evidence obtained by the search. The evidence was sufficient to sustain the jury verdict.

The purported assignment of error to the charge of the trial judge was broadside and requires no review.

The defendants received a fair trial free of any prejudicial error.

No error.

Judges HEDRICK and BALEY concur.