STATE OF NORTH CAROLINA v. JAMES E. GRAVES

No. 7215SC660

(Filed 25 October 1972)

Searches and Seizures § 3— warrant to search for LSD — insufficiency of affidavit

Affidavit of a police officer stating that he has received information from a confidential informant that defendant has LSD in described premises, that the informant has given affiant information in the past leading to the arrest of alleged drug violators, that the affiant has received information in the past that defendant is pushing drugs, and that affiant has a sample of the drug and that a test has been run on the sample, *held* insufficient to support a finding of probable cause for issuance of a warrant to search defendant's premises for LSD, as the affidavit contains no allegation that either the affiant or the confidential informant has personal knowledge that LSD is on defendant's premises.

APPEAL from *McKinnon, Judge,* 1 May 1972 Criminal Session, Superior Court, ALAMANCE County.

Defendant was charged with possession of 90 tablets of LSD. The jury returned a verdict of guilty, and defendant appeals from the judgment entered on the verdict.

*Attorney General Morgan, by Associate Attorney Witcover, for the State.*

*Donnell S. Kelly for defendant appellant.*

MORRIS, Judge.

Defendant's only assignment of error is addressed to the ruling of the court that the affidavit upon which the search warrant was based was constitutionally sufficient for the issu-

ance of the search warrant and that the evidence obtained as a result thereof was admissible against the defendant. All exceptions taken by defendant are embraced in this assignment of error.

We quote verbatim from the affidavit:

"The facts which establish reasonable grounds for issuance of a search warrant are as follows:

The undersigned Det. O. F. Hoggard has received information that James Graves, CM has L.S.D. in his home located on Avon Ave. at 512 Avon Ave. The undersigned received this information from a confidential reliable informant that has given the undersigned information in the past that has led to (the arrest) of drug violations in the past. He has proven to the undersigned to be very reliable. The drug in question is a purple tablet containing L.S.D. The tablet is referred to as purple haze.

The undersigned has received information in the past that James Graves was pushing drugs. The undersigned has a sample of the drug and a test has been run in the lab at the police department by *Mr. Hambright at 3:00 P.M. 7-30-71. James Graves operates a 1968 Opel color white, License #FS-4976. This vehicle was parked in the driveway at the residence at 3:00 p.m., 7-30-71. This vehicle is listed to Ella M. Graves, 512 Avon Ave., Burlington, N. C. The house at 512 Avon Ave. is *a frame house with fake brick siding on it located the second house on the left on Avon Ave. after crossing S. Mebane St. headed south."

The affidavit adequately describes the premises to be searched. It adequately describes the automobile operated by defendant, although what connection that has with the defendant's possession of LSD is not disclosed. It states that affiant "has a sample of the drug" and that a test had been run on the sample. No information is given as to when, nor from where, nor from whom the sample was obtained. The contraband is described as a purple tablet, referred to as purple haze, containing LSD. This information, while no doubt accurate, adds nothing to the probable cause requirements for the affidavit. In actuality the only information which could be considered as a basis for the finding of probable cause is the statement that affiant had received information from a reliable confidential

informant who had given information in the past leading to the arrest of alleged drug violators; that the informant had proved to be very reliable; that the affiant had received information in the past that defendant was pushing drugs.

This affidavit falls short of providing a sufficient basis for a finding of probable cause. Not only does it fail to contain an allegation that affiant spoke with personal knowledge, but there is no allegation that the affiant's unidentified source spoke with personal knowledge. The magistrate could not judge for himself the persuasiveness of the facts relied on to show probable cause.

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 US 257, 4 L ed 2d 697, 80 S Ct 725, 78 ALR 2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v United States,* 376 US 528, 11 L ed 2d 887, 84 S Ct 825, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' *Giordenello v United States, supra,* 357 US at 486, 2 L ed 2d at 1509; *Johnson v United States, supra,* 333 US at 14, 92 L ed at 440, or, as in this case, by an unidentified informant." *Aguilar v. Texas,* 378 US 108, 114-115, 12 L. ed. 2d 723, 729, 84 S.Ct. 1509, 1514 (1964).

In *State v. Shirley,* 12 N.C. App. 440, 183 S.E. 2d 880 (1971), cert. denied 279 N.C. 729 (1971), the facts sworn to in the affidavit *as being within the personal knowledge* of the affiant were held to be at least minimally sufficient to satisfy constitutional requirements for supporting the magistrate's independent determination that the information given by the informer to affiant was probably accurate. There the affiant stated that a reliable informer, who had given information in the past which had proved to be correct and resulted in the arrest of at least two other persons, stated that defendant had

marihuana in his possession and that he, the informer, *saw it and was offered it for a price.* The affiant further stated that he, the affiant, had made an investigation and had found that defendant was an associate of persons *known to the affiant* to be users and possessors of marihuana.

The affidavit now before us contains no facts of similar underlying circumstances.

We conclude, therefore, that the affidavit did not provide a sufficient basis for a finding of probable cause by the magistrate who issued the search warrant and that the evidence obtained as a result of the search warrant was not admissible against defendant. Defendant is, therefore, entitled to a

New trial.

Judges CAMPBELL and PARKER concur.