STATE OF NORTH CAROLINA v. JOHNNY LEE CHAPMAN

No. 7427SC902

(Filed 5 February 1975)

1. Searches and Seizures § 3— search warrant for heroin — sufficiency of affidavit

An affidavit was sufficient to support issuance of a search warrant for heroin where the affidavit affirmatively showed by its detailed description of the premises and the heroin therein that the affiant's informer was speaking from firsthand knowledge of the defendant's activity and where the affiant swore that his informer was reliable.

2. Criminal Law § 84; Narcotics § 3— bag of heroin — admissibility — chain of custody established

In a prosecution for felonious possession of heroin, the trial court properly allowed into evidence a bag of heroin where the State established a chain of custody from the moment the heroin was seized from defendant's home until the time it appeared in the courtroom, and the bag was positively identified by the chemist who had tested the substance.

3. Criminal Law § 70— tape recording of impeaching statements — admissibility — failure to authenticate

The trial court did not err in refusing defense counsel's request to play before the jury a recording of previous statements made by one of the State's witnesses at a preliminary hearing which contradicted certain testimony given by that witness at trial where defense counsel did not attempt to authenticate the recording or actually to offer the tape into evidence.

ON *certiorari* from *Falls, Judge,* 24 June 1974 Session of CLEVELAND County Superior Court. Heard in the Court of Appeals 13 January 1975.

The defendant was charged in a bill of indictment with felonious possession of heroin on 3 October 1973, in violation of the North Carolina Controlled Substances Act, Schedule I. Upon arraignment, the defendant entered a plea of not guilty.

State v. Chapman

After the jury was empaneled and left the courtroom, the defendant made a motion to suppress this evidence on the grounds that the search warrant, pursuant to which it was obtained, was invalid. The evidence on voir dire consisted of the search warrant, the affidavit upon which it was based, and the testimony of the affiant therein, Harold Smith, Shelby Police Captain. The motion was denied. At trial, the State offered the testimony of Officer Smith and other law officers who went to the defendant's home soon after the search warrant was issued. There the warrant was served on the defendant, and in the search they found a plastic bag containing white powder under the bar in the basement, the place where the confidential informant said he had seen it.

The State further offered "chain of identity" evidence and the testimony of a chemist employed by the Charlotte-Mecklenburg Crime Laboratory that the white powder weighed twelve grams and contained heroin.

The evidence for the defendant consisted of his testimony and that of his wife, both of whom generally denied that there was heroin present in their home, but that he did have there a plastic bag containing milk sugar.

The defendant's motions for judgment as of nonsuit at the close of the State's case and his own were denied. The jury returned a verdict of guilty as charged. From a judgment imposing prison sentence, the defendant appealed.

Further facts pertinent to the disposition of this case will be discussed in the opinion.

*Attorney General Rufus L. Edmisten by Associate Attorney Diederich Heidgerd for the State.*

*Levine and Goodman by Arthur Goodman, Jr., for defendant appellant.*

CLARK, Judge.

The defendant contends that the trial court erred in denying his motion to suppress evidence seized at the defendant's house. The motion was made on the grounds that the search warrant was invalid because the affidavit upon which it was based was insufficient to enable a magistrate to make an independent determination of probable cause, and that, therefore,

the search warrant was issued in contravention of the Fourth Amendment to the Constitution of the United States.

The affidavit of which the defendant complains and on which the search warrant was issued is as follows:

"AFFIDAVIT TO OBTAIN A SEARCH WARRANT

STATE OF NORTH CAROLINA

County of Cleveland

STATE

v.

JOHNNY LEE CHAPMAN
Rural Paved Road 1224, Holly Oak Park section
Cleveland County N. C.

Harold E. Smith, Captain, Shelby Police Department being duly sworn and examined under oath, says under oath that he has probable cause to believe that Johnny Lee Chapman has on his premises certain property, to wit: Narcotics, Heroin, a controlled substance, the possession of which is a crime, to wit: G.S. 90-95(a) (3) on October 3, 1973 on his premises.

The property described above is located on the premises described as follows: A block residence with a brick front facing in a westerly direction. This residence is located between the intersections of Rural paved road 1224 and rural paved road 1287 and rural paved road 1224 and rural paved road 1241. This structure will be the first house on the left after passing the intersection of rural paved road 1224 and rural paved road 1287. This structure is on rural paved road 1224 facing a westerly direction. Cause for the issuance of a search warrant are as follows: The facts which establish probable cause for the issuance of a search warrant are as follows: A confidential source of information that affiant believes to be reliable stated to affiant on this date that this confidential source of information observed a white powder substance at the residence of Johnny Lee Chapman that is believed to be Heroin. This confidential source of information who affiant believes to be reliable further stated that Johnny Lee Chapman stated to this confidential source of information that Johnny Lee

Chapman stated that this white powder was in fact Heroin. The above information was obtained by this confidential source of information who affiant believes to be reliable within the two days prior to the issuance of this search warrant. This confidential source of information who affiant believes to be reliable stated that this heroin was contained in a ladies stocking hanging on a coat hanger under the bar located in the basement of the residence. This confidential source of information who affiant believes to be reliable further stated that this confidential source of information observed needles located above the light fixtures over the pool table located in the basement of the residence. This confidential source of information further stated that this confidential source of information has personally observed Johnny Lee Chapman cut this heroin with sugar, this sugar being located at the bar in the basement of the residence. This confidential source of information further stated to affiant that this heroin cut with sugar was cut on the glass portion of a picture frame containing the pictures of two children and the glass of this picture frame is broken across the front. This confidential source of information who affiant believes to be reliable further stated that on this date a person approached this confidential source of information on this date and stated to this confidential source of information that they had just purchased $10.00 worth of heroin at the residence of Johnny Lee Chapman on this date. Detective Paul Barbee of the Cleveland County Sheriff's Department further stated under oath before the magistrate that he has received information in the past that Johnny Lee Chapman has sold heroin in Cleveland County. Also James C. Woodard, Special Agent for the State Bureau of Investigation stated under oath before the magistrate that he has received information in the past that Johnny Lee Chapman has sold Heroin in Cleveland County.

> s/ HAROLD E. SMITH
> Affiant"

In support of his claim that the search warrant used by the officers was invalid, the defendant relies principally upon the case of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964). In that case, Aguilar's conviction was reversed because certain requirements laid down by the Court for the issuance of search warrants were not met. The U. S.

Supreme Court announced a two-pronged test to determine the sufficiency of affidavits upon which search warrants are issued. The Court said that " . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant whose identity need not be disclosed, [citations omitted], was 'credible' *or his information 'reliable.'* " *Aguilar v. Texas, supra,* at 114,   84 S.Ct. at 1514, 12 L.Ed. 2d at 729 (Emphasis added). The constitutional policy being preserved here is the requirement that inferences from the facts be drawn by a neutral and detached magistrate.

[1] In this case the first prong of the *Aguilar* test is met since the affidavit affirmatively shows that the informer was speaking from firsthand knowledge of the defendant's activity. He personally observed the defendant cutting heroin with sugar, utilizing the glass portion of a picture frame containing the pictures of two children. From a perusal of the remaining details recited in the affidavit concerning the exact location of needles, etc., in the basement of the defendant's residence, it is perfectly obvious that the informer was speaking entirely from firsthand observation. The underlying circumstances here clearly distinguish this case from *State v. Edwards,* 286 N.C. 162, 209 S.E. 2d 758 (1974).

Regarding the second prong of the test, we believe it was similarly satisfied. In *State v. Ellington,* 18 N.C. App. 273, 196 S.E. 2d 629 (1973), an affidavit recited that an informer was 100% reliable and that information obtained from him had previously led to the confiscation of other drugs in New York City. In reference to this recital, this Court said that "[e]ven in the absence of this statement the informant's reliability may reasonably be inferred from the very nature of his detailed report." *State v. Ellington, supra,* at 277, 196 S.E. 2d at 632. We believe that this statement finds support in the emphasized portion of the *Aguilar* test quoted above and in the case of *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed. 2d 684, 689 (1965), wherein its was stated that:

> " . . . [T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. . . . [A]ffidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. . . . Technical requirements of elab-

State v. Chapman

orate specificity once exacted under common law pleadings have no proper place in this area."

Furthermore, the Supreme Court of the United States has never suggested that an averment of previous reliability is necessary. The inquiry is whether the informant's present information is truthful or reliable. *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed 2d 723 (1971).

We believe that when the detailed nature of the report and the fact that the officer swore that his informer was reliable are considered in a common sense and practical fashion, it would induce a prudent and disinterested magistrate to credit the report and conclude that the informant's information was reliable and not a causal rumor or a conclusory fabrication. In our opinion, the affidavit in the present case was sufficient to warrant a finding of probable cause to search the defendant's house.

[2]   The defendant next contends that the trial court erred in admitting into evidence the bag of heroin because it was inadequately identified as being related to the case. At trial, a chain of custody was established by the State from the moment the heroin was seized to the time it appeared in the courtroom and the bag was positively identified by the chemist who had tested the substance. We find that a sufficient foundation and chain of custody was established to warrant the admissibility of the bag and its contents.

[3]   The defendant further contends that the trial court erred in refusing to allow the defendant's counsel to play a recording of previous statements made by one of the State's witnesses at a preliminary hearing which contradicted certain testimony given by that witness at trial. As the record is devoid of any attempts by defendant's counsel to authenticate the recording or to actually offer the tape into evidence, it was not error for the trial court to refuse counsel's request to play it in front of the jury. See *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386 (1967).

The defendant's last assignment of error is that the trial court erred in denying his motions for judgment as of nonsuit. Reviewing the evidence in the light most favorable to the State,

we find no error in denying these motions and submitting the case to the jury.

We find no error in the trial below.

Judges BRITT and MORRIS concur.