STATE OF NORTH CAROLINA v. MAYLON THEO WHITLEY

No. 8110SC1008

(Filed 3 August 1982)

1. **Burglary and Unlawful Breakings § 4; Criminal Law § 77.1— testimony concerning co-defendant's incriminating statements made in defendant's presence—admissible as admission by silence**

   The trial court did not err in allowing a co-defendant's girlfriend to testify as to statements made by the co-defendant in defendant's presence since the statements incriminated both defendant and co-defendant, defendant was in a position to hear and understand the co-defendant's statement, and the defendant had the opportunity to speak but did not deny the co-defendant's statement. Under these circumstances, the statements were admissible as an admission by silence.

2. **Searches and Seizures § 24— sufficiency of affidavit supporting search warrant**

   In a prosecution for breaking and entering and larceny, the trial court properly refused to suppress the fruits of a search made pursuant to a search warrant since the affidavit, which was based on information supplied by an informant, indicated that the informant was able to describe particular items in sufficient detail to identify them as items described on a list of stolen property, and since the informant's tip was sufficient to supply "reasonable cause to believe that the proposed search would reveal the presence upon the described premises of the objects sought."

3. **Criminal Law § 111.1— reading indictments in charge to jury—no error**

   The trial court did not err in reading verbatim, at the beginning of the charge, two indictments against defendant since (1) G.S. 15A-1221(b) (Cum. Supp. 1981), which forbids reading of indictments to the jury, became effective long after defendant's trial, and (2) the prohibition against reading the indictments to the jury is inapplicable to the judge's jury charge.

4. **Larceny § 5— instructions on doctrine of recent possession proper**

   In a prosecution for breaking and entering and larceny, the trial court clearly conveyed to the jury in its charge that the jury must find beyond a

reasonable doubt that defendant possessed the same property that was stolen when it charged on the doctrine of recent possession.

APPEAL by defendant from *Brewer (Coy E., Sr.), Judge.* Judgment entered 3 August 1971 in Superior Court, WAKE County. Certiorari allowed by the Court of Appeals 15 June 1981. Heard in the Court of Appeals 2 March 1982.

Defendant appeals from a judgment of imprisonment entered upon his conviction of breaking and entering and larceny.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defenders Malcolm R. Hunter, Jr., and Lorinzo L. Joyner, for defendant.*

WHICHARD, Judge.

[1] The State's evidence tended to show that three men participated in the commission of a breaking and entering and larceny; and that after the theft all three went to a home which one of the participants (Watson) shared with his girlfriend (Hawkins). Defendant's first argument is that the following testimony by Hawkins was inadmissible hearsay:

Watson said that they had broken in a home and that they had parked the car on a road around behind the store. They had to go through the woods. They had broke in the home and that they had to leave because they heard someone coming and they were trying to get a television out of the home, and then someone drove up.

At trial defendant did not object to or move to strike this testimony. Thus, absent abuse of discretion by the court, there was no error in its admission. *State v. Spaulding,* 288 N.C. 397, 411-12, 219 S.E. 2d 178, 187 (1975), *death sentence vacated,* 428 U.S. 904, 49 L.Ed. 2d 1210, 96 S.Ct. 3210 (1976). We find no abuse of discretion.

We further find the statement admissible as an admission by silence.

Implied admissions are received with great caution. However, if the statement is made in a person's presence by a person having firsthand knowledge under such circumstances that a denial would be naturally expected if the statement were untrue and it is shown that he was in position to hear and understand what was said and had the opportunity to speak, then his silence or failure to deny renders the statement admissible against him as an implied admission.

*Spaulding,* 288 N.C. at 406, 219 S.E. 2d at 184. *See also State v. Bowden,* 290 N.C. 702, 714-16, 228 S.E. 2d 414, 422-23 (1976).

The witness' testimony established that Watson's statements were made in defendant's presence, and that Watson expressed firsthand knowledge of the theft. That defendant was in a position to hear and understand Watson's statement, and had the opportunity to speak, is shown by the following testimony of the witness which immediately preceded the challenged statement:

Watson and [defendant and the third participant] came to my house. . . . They brought with them some rifles, and money, rings. They put these items on the bed, talking about splitting it up. . . . I was in the room with them at the time they were discussing and splitting up. . . .

. . . .

They stayed at my house about thirty minutes I guess. . . .

. . . .

Q. . . . [D]uring the time that the three . . . were at your house, . . . was there any discussion about where the property had come from?

A. Yes, sir.

Q. And who was in that discussion?

A. All three of them.

Q. What was said about that?

. . . .

A. . . . [Watson and defendant] were both in on the conversation and they were both talking about the same thing.

Q. . . . [T]hey were talking about where the stuff they had in your bedroom came from?

A. Yes, sir.

Because defendant did not deny Watson's statement about how he and defendant acquired the stolen property, the witness' testimony established an admission by silence by defendant. We find no error in the court's failure to exclude the statement *ex mero motu.*

[2]  Defendant next contends the court erred in refusing to suppress the fruits of a search made pursuant to a search warrant, because the affidavit underlying the warrant is insufficient on its face for failure to show the informant's basis of knowledge.

An "affidavit is sufficient if it supplies *reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the described premises of the objects sought* and that they will aid in the apprehension or conviction of the offender." *State v. Vestal,* 278 N.C. 561, 575-76, 180 S.E. 2d 755, 765 (1971). (Emphasis supplied.) To supply reasonable cause to believe the objects sought are on the described premises, the affidavit supporting a search warrant must provide the magistrate with underlying circumstances from which to judge the validity of the informant's conclusion that the articles sought are at the place to be searched. *Aguilar v. Texas,* 378 U.S. 108, 114, 12 L.Ed. 2d 723, 729, 84 S.Ct. 1509, 1514 (1964); *State v. Hayes,* 291 N.C. 293, 298-99, 230 S.E. 2d 146, 149-50 (1976); *State v. Edwards,* 286 N.C. 162, 209 S.E. 2d 758 (1974); *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972).

The affidavit here recites the following information:

The facts which establish probable cause for the issuance of a search warrant are as follows: INFORMATION OBTAINED FROM A RELIABLE CONFIDENTIAL INFORMER WHOSE INFORMATION HAS PROVEN CORRECT IN THE PAST AND HAS LED TO THE RECOVERY OF STOLEN PROPERTY BEFORE. THIS INFORMANT HAS ITEMS DESCRIBED ON THE ATTACHED LISTS OF STOLEN PROPERTY IN THE POSSESSION OF MAYLON THEO WHITLEY IN THE PAST 2 WEEKS. THE INFORMANT STATES THAT MAYLON THEO WHITLEY HAS SOME OF THIS PROPERTY IN HIS POSSESSION NOW.

State v. Whitley

IN THE SECOND WEEK OF FEBRUARY, 1971, MAYLON THEO
WHITLEY AND 2 OTHER MEN DID HAVE AND SELL TO MR.
MILTON MASSEY OF KNIGHTDALE N.C. A SEARS TELEVISION
SET BEARING SERIAL # 528-81108. THIS T.V. WAS STOLEN FROM
THE RESIDENCE OF MR. RAYMOND L. MURRAY ON 2/8/71. THE
INFORMANT STATES THAT ON THIS SAME WEEK MAYLON THEO
WHITLEY HAD IN HIS POSSESSION A NUMBER OF GUNS, ROLLED
MONEY (SILVER) AND OTHER ITEMS THAT FIT THE DESCRIPTION
OF THE ITEMS STOLEN FROM THE RESIDENCE OF MR. PHILIP W.
BLAKE OF RT. # 2, KNIGHTDALE N.C. ON 2/10/71. ALSO 2 OF
THESE GUNS ON THE ATTACHED LIST HAVE BEEN RECOVERED
FROM MR. WILL HUDSON OF 2205 EVERS DRIVE BY THE WAKE
COUNTY SHERIFF'S DEPT. THESE 2 GUNS WERE LEFT WITH MR.
HUDSON BY ONE OF THE SAME MEN THAT WAS WITH MAYLON
WHITLEY WHEN THE T.V. SET WAS SOLD TO MR. MASSEY.
MAYLON WHITLEY IS KNOWN TO MOST LOCAL LAW ENFORCE-
MENT AGENCIES AS A BREAK IN ARTIST AND HE HAS A CRIMINAL
RECORD IN THIS STATE. HE IS UNDER VARIOUS CRIMINAL INDICT-
MENTS IN THREE COUNTIES AT THIS TIME AND IS PRESENTLY
OUT ON BAIL WAITING TRIAL.

If the informant had stated to the affiant that recently he
*personally had seen* the stolen items in defendant's possession at
his residence, the affidavit would clearly suffice. *See, e.g., Hayes,
supra,* 291 N.C. at 299, 230 S.E. 2d at 150; *State v. Graves,* 16 N.C.
App. 389, 391-92, 192 S.E. 2d 122, 124 (1972); *State v. Shirley,* 12
N.C. App. 440, 443-44, 183 S.E. 2d 880, 882-83, *cert. denied,* 279
N.C. 729, 184 S.E. 2d 885 (1971). Absent a statement, however,
claiming personal observation or otherwise

> detailing the manner in which the information was gathered,
> it is especially important that the tip describe the accused's
> criminal activity in sufficient detail that the magistrate may
> know that he is relying on something more substantial than a
> casual rumor . . . or an accusation based merely on an in-
> dividual's general reputation.

*Spinelli v. United States,* 393 U.S. 410, 416, 21 L.Ed. 2d 637, 644,
89 S.Ct. 584, 589 (1969).

The affidavit here attributes three statements to the inform-
ant: (1) that defendant had in his possession, within the preceding
two weeks, items described as stolen property on lists, attached

to the affidavit, which were compiled by victims of the thefts; (2) that defendant currently has some of these items in his possession; and (3) that during the second week in February 1971 (about one week before the 22 February 1971 affidavit and search warrant) defendant had in his possession items which fit the description of certain stolen items, specifically including guns and rolled silver money. The affiant testified on *voir dire* that he presented no information to the magistrate other than that contained in the affidavit.

Because the affidavit does not describe how the informant gathered his information, the informant's tip had to provide sufficient detail to show that the information was based on "something more substantial than a casual rumor." *Spinelli, supra.* The affidavit indicates that the informant was able to describe particular items in sufficient detail to identify them as items described on lists of stolen property. This detailed description supports the inference that the informant personally observed the allegedly stolen items.

It is also essential, however, that the informant's tip reveal that the objects sought are on the premises to be searched. *See Campbell, supra,* 282 N.C. at 131-32, 191 S.E. 2d at 757. The warrant here authorized a search of defendant's residence, but the informant stated only that the items were in defendant's possession. Since at least some of the items the informant alleged defendant possessed are not such as could reasonably be expected to be stored on defendant's person, however, the inference that the stolen goods were possessed at defendant's residence reasonably arises from the informant's allegations. *See Campbell,* 282 N.C. at 130-31, 191 S.E. 2d at 757 (informant's allegations, clearly distinguishable from those in instant case, do not support such an inference). Thus, the informant's tip was sufficient to supply "reasonable cause to believe that the proposed search . . . [would] reveal the presence upon the described premises of the objects sought," *Vestal, supra,* 278 N.C. at 576, 180 S.E. 2d at 765. This assignment of error is therefore overruled.

[3] Defendant next contends the court erred in reading verbatim, at the beginning of the charge, two indictments against him. G.S. 15A-1221(b) (Cum. Supp. 1981), which forbids reading of indictments to the jury, became effective 1 July 1978, long after

defendant's trial. Further, in *State v. McNeil*, 47 N.C. App. 30, 34, 266 S.E. 2d 824, 826, *cert. denied*, 301 N.C. 102, 273 S.E. 2d 306 (1980), 450 U.S. 915, 67 L.Ed. 2d 339, 101 S.Ct. 1356 (1981), this court said:

> [W]e find that this prohibition [G.S. 15A-1213] against reading the pleadings to the jury is inapplicable to the judge's jury charge. At that phase of the trial, 'to infer that they [the jury] would be given a distorted view of the case by a mere reiteration of the charge *couched in the words of the indictment* would be illogical.' *State v. Laughinghouse*, 39 N.C. App. 655, 658, 251 S.E. 2d 667, 669, *cert. denied and appeal dismissed*, 297 N.C. 615, 257 S.E. 2d 438 (1979). [Emphasis supplied.]

We thus overrule defendant's assignment of error to the reading of the indictments.

[4] Defendant finally contends the court erred in its instruction on the doctrine of recent possession.

> The inference that the person in possession of the goods is the thief arises upon proof beyond a reasonable doubt that (1) the property described in the indictment was stolen, (2) the property shown to have been possessed by the accused was the stolen property, and (3) the possession was recently after the larceny.

*State v. Fair*, 291 N.C. 171, 174, 229 S.E. 2d 189, 190 (1976). Defendant argues the court erred by failing to charge that, before the inference arises, the jury must find beyond a reasonable doubt that the property in defendant's possession was the *identical* property that was stolen. *See State v. Jackson*, 274 N.C. 594, 597, 164 S.E. 2d 369, 370 (1968).

The court adequately instructed on this point in the following portions of the charge:

> [T]he State . . . must prove beyond a reasonable doubt the defendant took property belonging to Phillip W. Blake and that he carried it away from the place where it was lawfully kept, that is the dwelling house of Phillip W. Blake, [and] that the owner did not consent to the taking and carrying away of the property . . . .

. . . .

. . . The law is that "If and when it is established that a building has been broken into and entered and that the merchandise—and that merchandise has been stolen therefrom, the recent possession of *such* stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny and of the breaking and entering."

. . . .

. . . I charge you that if you find from the evidence and beyond a reasonable doubt, that on or about the 10th day of February 1971, the defendant Maylon Theo Whitley, did take and carry away property, personal property, belonging to Phillip Blake, without the consent of the owner, Phillip Blake, from his dwelling house, after a breaking and entering or entering, with the intent to steal said property and that he was not entitled to take it; then it would be your duty to return a verdict of guilty of felonious larceny . . . . [Emphasis supplied.]

Viewed as a whole and construed contextually, the charge clearly conveyed to the jury that it must find beyond a reasonable doubt that defendant possessed the same property that was stolen.

No error.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.