STATE OF NORTH CAROLINA v. RONALD WEATHERFORD

No. 8216SC616

(Filed 21 December 1982)

**Searches and Seizures § 24— search warrant—sufficiency of affidavit—information supplied by informant**

An affidavit underlying a search warrant showed probable cause sufficient to justify its issuance where it indicated that an informant personally had seen one of the allegedly stolen items on the described premises, and it indicated that (1) the informant was known to the affiant to be of good character and

State v. Weatherford

reputation, and (2) the informant had described details of two larcenies with such certainty as to produce belief that the information was true.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 18 February 1982 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 9 December 1982.

Defendant pled guilty to felonious possession of marijuana following denial of his motion to suppress evidence seized pursuant to a search warrant. He appeals, pursuant to G.S. 15A-979(b), from denial of the motion to suppress.

*Attorney General Edmisten, by Assistant Attorney General Barry S. McNeill, for the State.*

*Locklear, Brooks & Jacobs, by Arnold Locklear, for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in refusing to suppress the fruits of a search pursuant to a warrant therefor, because the affidavit underlying the warrant did not show probable cause sufficient to justify its issuance. We disagree, and accordingly affirm.

An "affidavit is sufficient if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender." *State v. Vestal,* 278 N.C. 561, 575-76, 180 S.E. 2d 755, 765 (1971). To supply reasonable cause to believe the objects sought are on the described premises, the affidavit supporting a search warrant must provide the magistrate with underlying circumstances from which to judge the validity of an informant's conclusion that the articles sought are at the place to be searched. *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed. 2d 723, 729 (1964); *State v. Hayes,* 291 N.C. 293, 298-99, 230 S.E. 2d 146, 149-50 (1976); *State v. Edwards,* 286 N.C. 162, 209 S.E. 2d 758 (1974); *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972); *State v. Whitley,* 58 N.C. App. 539, 293 S.E. 2d 838, 840-41, *disc. rev. denied,* 306 N.C. 750, 295 S.E. 2d 763 (1982). Where an informant states to the affiant that he personally has seen the stolen items described in the war-

rant in defendant's possession at the described premises, the affidavit is generally sufficient to show probable cause to believe that the items were possessed at the premises to be searched. *See, e.g., Hayes, supra,* 291 N.C. at 299, 230 S.E. 2d at 150; *State v. Graves,* 16 N.C. App. 389, 391-92, 192 S.E. 2d 122, 124 (1972); *State v. Shirley,* 12 N.C. App. 440, 443-45, 183 S.E. 2d 880, 882-83, *cert. denied,* 279 N.C. 729, 184 S.E. 2d 885 (1971).

> [A] "two-pronged" test [determines] whether an affidavit is sufficient to show probable cause. First, the affidavit must contain facts from which the issuing officer could determine that there are reasonable grounds to believe that illegal activity is being carried on or that contraband is present in the place to be searched. Secondly, if an unidentified informant has supplied all or a part of the information contained in the affidavit, some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable must be set forth before the issuing officer.

*Hayes,* 291 N.C. at 299, 230 S.E. 2d at 149-50. "Each case must be decided on its own facts and 'reviewing courts are to pay deference to judicial determinations of probable cause, and "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." ' " *State v. Jones,* 299 N.C. 298, 304, 261 S.E. 2d 860, 864 (1980).

The affidavit here described certain property allegedly stolen pursuant to a breaking and entering and then recited the following:

> The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: A confidential informer, known to me to be of good characte[r] and reputation described details of two larcenies known to he [sic] with such certainty so as to cause me to believe the information and knowledge to be true. This informant says that he has seen the mentioned air conditioner [one of the items allegedly stolen] on these premises. [Illegible] guess that it is there now [Illegible].

This information satisfied the first prong of the foregoing test, *viz.,* that there were reasonable grounds to believe contraband

was present at the place to be searched, by indicating that the informant personally had seen one of the allegedly stolen items on the described premises. *See Hayes, supra; State v. Chapman,* 24 N.C. App. 462, 466, 211 S.E. 2d 489, 492 (1975); *Graves, supra; Shirley, supra.* It satisfied the second prong of the test, *viz.,* the requirement of "underlying facts and circumstances which show that the informant is credible or that the information is reliable," *Hayes, supra,* by indicating that (1) the informant was known to the affiant to be of good character and reputation, and (2) the informant had described details of two larcenies with such certainty as to produce belief that the information was true. An "informant's reliability may reasonably be inferred from the very nature of his detailed report." *State v. Ellington,* 18 N.C. App. 273, 277, 196 S.E. 2d 629, 632, *aff'd,* 284 N.C. 198, 200 S.E. 2d 177 (1973); *see also Chapman, supra,* 24 N.C. App. at 466-67, 211 S.E. 2d at 492.

The affidavit thus "contained a substantial basis for crediting the hearsay," *United States v. Harris,* 403 U.S. 573, 581, 29 L.Ed. 2d 723, 732, 91 S.Ct. 2075, 2081 (1971), and "it would induce a prudent and disinterested magistrate to . . . conclude that the informant's information was reliable and not a [casual] rumor or a conclusory fabrication," *Chapman,* 24 N.C. App. at 467, 211 S.E. 2d at 493. It was, then, sufficient to warrant a finding of probable cause to search the designated premises, and the court did not err in denying the motion to suppress.

Affirmed.

Judges VAUGHN and WELLS concur.